EDMUND G. BROWN JR. Attorney General TAYLOR S. CAREY Deputy Attorney General
THE HONORABLE STEVE COOLEY, DISTRICT ATTORNEY, COUNTY OF LOS ANGELES, has requested leave to sue in quo warranto upon the following question:
May a member of the City Council of the City of Maywood serve simultaneously on the Board of Directors of the Water Replenishment District of Southern California?
 CONCLUSION
Whether a member of the City Council of the City of Maywood may serve simultaneously on the Board of Directors of the Water Replenishment District of Southern California presents substantial questions of fact and law warranting judicial resolution. *Page 2 
 ANALYSIS
The District Attorney of Los Angeles County (Relator) alleges that Sergio Calderon (Defendant) is simultaneously holding two public offices that are incompatible, in violation of Government Code section1099.[1] The two offices in question are that of a member of the City Council of the City of Maywood (City) and director of the Water Replenishment District of Southern California (District). Defendant was elected to the City Council on November 8, 2005, and to the District's board of directors on November 7, 2006.
Relator requests permission to file an action to remove Defendant from the office of City Council member. We will grant Relator's application.[2] *Page 3 
Code of Civil Procedure section 803 provides in part:
 An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office . . . within this state.
An action filed under section 803 is known as a "quo warranto" action. This is the proper remedy to enforce section 1099.[3]
We apply a two-part test to determine whether to grant leave to sue in quo warranto. First, does the application present a substantial question of fact or law that is appropriate for judicial resolution? And second, if so, would the overall public interest be served by allowing the quo warranto action to proceed?[4]
We have no doubt that both the office of a city council member and the office of a director of a water reclamation district are "public offices," rather than positions of employment, for purposes of section 1099.[5] The more complex question is whether these two particular offices are incompatible with each other. Two public offices are incompatible if, among other reasons, there is a possibility of a significant clash of duties or loyalties between them, based on the powers and jurisdictions of each office.[6]
Here, we note that the City may acquire water supplies for use by the City and its inhabitants, and may sell the water at rates and charges it determines to be reasonable. The District's principal purpose is to replenish groundwater supplies within its boundaries, and it is a major purchaser of water for this purpose. The City lies completely within the boundaries of the District, and the District's main office is located in the City. Under these circumstances, the interests of the City and of the District may differ, depending in particular upon the availability of groundwater supplies within the District. For example, a conflict could arise if the District decided to raise the price for pumping groundwater in a manner that *Page 4 
caused the price increase to be passed on to the City. Further, the City's water use practices and land use regulatory activities could degrade the supply and quality of the groundwater that the District is charged with supplying and conserving.
Because the duties of these two offices appear to us to be incompatible, we conclude that the question whether one person may hold both offices is appropriate for judicial resolution. Further, because the public is entitled to the exercise of utmost loyalty from each of its public offices,[7] we believe that the public interest would be served by allowing a quo warranto action to proceed in these circumstances. Accordingly, Relator's application for leave to sue is GRANTED.
[1] Government Code section 1099 states:
 (a) A public officer, including, but not limited to, an appointed or elected member of a governmental board, commission, committee, or other body, shall not simultaneously hold two public offices that are incompatible. Offices are incompatible when any of the following circumstances are present, unless simultaneous holding of the particular offices is compelled or expressly authorized by law:
 (1) Either of the offices may audit, overrule, remove members of, dismiss employees of, or exercise supervisory powers over the other office or body.
 (2) Based on the powers and jurisdiction of the offices, there is a possibility of a significant clash of duties or loyalties between the offices.
 (3) Public policy considerations make it improper for one person to hold both offices.
 (b) When two public offices are incompatible, a public officer shall be deemed to have forfeited the first office upon acceding to the second. This provision is enforceable pursuant to Section 803 of the Code of Civil Procedure.
 (c) This section does not apply to a position of employment, including a civil service position.
 (f) This section codifies the common law rule prohibiting an individual from holding incompatible public offices.
[2] Defendant has urged us to reject the application because the proposed complaint was not verified. Our regulations require a relator to submit a verified complaint as part of the application for leave to sue. Cal. Code of Regs. tit. 11, § 2. However, Code Civ. Proc. § 446
provides that "[w]hen the state, any county thereof . . . or an officer of the state, or of any county thereof . . . in his or her official capacity is plaintiff, the complaint need not be verified." The application in this case is brought by Los Angeles County District Attorney Steve Cooley in his official capacity. Therefore the complaint need not be verified.
[3] Govt. Code § 1099(b), supra n. 1.
[4] E.g. 89 Ops.Cal.Atty.Gen. 285, 286 (2006).
[5] See 85 Ops.Cal.Atty.Gen. 199, 200 (2002) (city council member is public office); 76 Ops.Cal.Atty.Gen. 81, 83 (1993) (special act water district director and irrigation district director are public offices).
[6] Govt. Code § 1099(a)(2).
[7] City of Stigall v. Taft, 58 Cal. 2d 566, 569 (1962) (conflict of interest statutes "are concerned with any interest, other than perhaps a remote or minimal interest, which would prevent the officials involved from exercising absolute loyalty and undivided allegiance to the best interests" of their government agencies).